# Mohry *versus* Hoffman.

1. Where a father verbally agrees that his daughter shall reside as a servant in a stranger's family for a certain number of years, he does not thereby surrender his parental control so as to bar his right to recover for her seduction, during her minority, by a son of her employer.

2. Where a father has not relinquished his right to his daughter's services beyond recall, but retains the right to command them, he may maintain an action *per quod servitium amisit* in case of her seduction.

March 5th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Lehigh county:* Of January Term 1878, No. 108.

This was an action on the case, brought by Francis Hoffman against John Mohry, for the loss of the services of his daughter by reason of her seduction by the defendant. Under a parol contract made with Addison Mohry by her father, the daughter, when about thirteen years of age, went to live as a servant in the family of Mohry, where she was to remain until she was eighteen years of age, receiving schooling, board and clothing from her employer,

[Mohry *v.* Hoffman.]

and when she reached the age of eighteen, Mohry was to supply her with an outfit for housekeeping, consisting of a number of enumerated articles of furniture. The father reserved the right to call the daughter home in case of sickness in his family. She lived for two years with Mohry under this agreement, when she was seduced by Mohry's son, a lad about seventeen years of age.

Upon the foregoing facts, a motion by the defendant for a nonsuit having been refused, he presented the following among other points, which the court also refused:

"As a condition precedent, the plaintiff must show that his daughter was in his service, or he had a just right at will to command her services, and it being the uncontradicted evidence in the case, that by a contract between the plaintiff and Addison Mohry, the services of the daughter were bound to the said Mohry, and by the terms of that contract the daughter became the servant and was in the service of the said Addison Mohry for a definite term, to wit: until she arrived at the age of eighteen years, therefore, the said plaintiff has not shown the essential relation of master and servant, or that by reason of the seduction he lost the services of his daughter, and hence cannot recover in this action."

In the general charge, the court, Longaker, P. J., inter alia, said:—

"As a matter of law, I instruct you that the evidence in this case is of such a character that the plaintiff can maintain his action. All that plaintiff is required to do, under the decisions of this state, is to show that his daughter was subject to his control, and that he had the right to command her services."

Verdict and judgment for plaintiff for $353, when defendant took this writ, assigning for error the refusal of the foregoing point, and the portion of the charge noted.

*Edward Harvey*, for plaintiff in error.—An action on the case for the seduction of a daughter is founded exclusively on the relation of master and servant, not parent and child; and the gist of it is the consequential loss of service: South *v.* Denniston, 2 Watts 474; Martin *v.* Payne, 9 Johns. 387; Wilson *v.* Sproul, 3 P. & W. 49; Logan *v.* Murray, 6 S. & R. 175. The father of an indentured servant cannot maintain action against her master by whom she is seduced, for he has not the right to her services: Dein *v.* Wycoff, 3 Selden 191.

A parent cannot maintain an action for the seduction of a daughter not residing in the house with such parent, but being a domestic servant, living in the house of her master: Thompson *v.* Ross, 5 H. & N. 16; Blaymire *v.* Haley, 6 M. & W. 55.

*E. Forrest, W. J. Forrest* and *E. Holben*, for defendant in error.—The parental control does not cease until the child has

[Mohry *v.* Hoffman.]

attained the age of twenty-one years, and until that time the father may maintain an action for seduction, although the child resides in a stranger's family : Hornketh *v.* Barr, 8 S. & R. 39 ; Hilliard on Torts 518 ; Bartley *v.* Richtmyer, 2 Barbour 183 ; Ingersoll *v.* Jones, 5 Id. 661.

The judgment of the Supreme Court was entered, March 18th 1878,

PER CURIAM.—The parol contract set up in this case, unlike a legal indenture duly acknowledged, did not transfer the right of service of the plaintiff's daughter beyond recall.   There is no law providing for the arrest of the apprentice in such a case, and her return to the service of her master.   While the father, here, might in a proper case, be held liable for a breach of contract, his parental right of control over his daughter is not transferred.   The right of action for an injury such as this, *per quod servitum amisit*, therefore, remains, and especially where, as here, the son of the person with whom the contract is made, debauches her in his house.   The form of action, or rather the ground of legal liability, is purely technical, while the real injury is the seduction ; and as to this the plaintiff never gave his consent, or lost his control of his daughter.

Judgment affirmed.